# UNITED STATES DSITRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **RAGEN SHAY HAWKINS,** ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION NO.:** |
| ) | **Case No. 2:25-117** |
| **GKN WESTLAND AEROSPACE, INC.;** ) | |
| **GKN AEROSPACE - ALABAMA** ) | |
| **FUEL SYSTEMS, and DART** ) | |
| **AEROSPACE** ) | **JURY DEMAND** |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

**I.    INTRODUCTION**

1. This is an action for legal and equitable relief to redress sex/gender discrimination against Ragen Shay Hawkins, Plaintiff. The suit is brought to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," 42 U.S.C. § 2000(e) et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a (hereinafter "Title VII"), which provides for relief against discrimination in employment on the basis of sex. Plaintiff seeks injunctive and equitable relief, compensatory damages, backpay, and request a jury trial pursuant to 42 U.S.C. § 1981a.

1

**JURISDICTION**

2. This Court has jurisdiction in accordance with 28 U.S.C. 28 U.S.C. §§ 1331, 1343, 1391, 2201, and 2202. Venue is proper in the Middle District of Alabama under 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. § 1391(b).

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII.  Plaintiff timely filed her charge of discrimination within 180 days of the occurrence of the last discriminatory act.  On November 13, 2024, the Equal Employment Opportunity Commission issued a Right to Sue Notice.  Plaintiff timely filed this lawsuit.

**II.   PARTIES**

4. Plaintiff, Ragen S. Hawkins, (hereinafter "Hawkins" or "Plaintiff") is a female citizen of the United States, and a resident of the State of Alabama.  Hawkins was an employee of Defendant GKN Westland Aerospace, Inc. and/or Defendant GKN Aerospace-Alabama Fuel Systems during all relevant times of this ligation.

5. Defendants GKN Westland Aerospace, Inc. and Defendant GKN Aerospace-Alabama Fuel Systems (hereniafter "Defendant" or "GKN") are employers doing business in this district, and at all times relevant to this action, the Defendant is the employer of the Plaintiff within the meaning of 42 U.S.C. §2000(e).

6. Upon information and belief, Defendant DART Aerospace acquired the portion of Defendant GKN for which Plaintiff worked and is a successor

corporation liable for the debts, obligations, and causes of action against GKN.

### III. CAUSES OF ACTION

#### COUNT I – TITLE VII VIOLATIONS GENDER/SEX DISCRIMINATION

7. Plaintiff began working for Defendant GKN Westland Aerospace, Inc., and/or its affiliated company GKN Aerospace-Alabama Fuel Systems, in approximately July 2022.

8. Plaintiff worked as a Fuel Cell Technician at Defendant's "little plant" location in the Twin Creeks building in Tallassee, Alabama.

9. Plaintiff performed her job well.

10. Having a job was a condition of Plaintiff's probation for possession of a controlled substance.

11. In July 2023, Plaintiff began a relationship with her boss, Jacob Thornton, who was married at the time.

12. Thornton installed a Life360 app on Plaintiff's phone which allowed him to track her location and movements at all times. Thornton became angry when he did not know Plaintiff's whereabouts and when she spoke to other men.

13. One of Plaintiff's co-workers learned of her relationship with Thornton and reported it to Crystal Williams, Plaintiff's immediate supervisor.

14. Williams instructed Thornton to end the relationship with Plaintiff. However,

Thornton ignored Williams' directive to end the relationship and Plaintiff and Thornton continued to see each other.

15.   Williams never instructed Plaintiff to end the relationship.

16.   Several times during Plaintiff's employment with the Defendant, she tried to end the relationship, but Thornton would not and would convince Plaintiff to continue the relationship.

17.   In August 2023, Plaintiff's probation officer April Brown, and others, were each sent a letter praising Plaintiff's performance in various jobs across three different departments.

18.   A few months later, another supervisor Pat (last name unknown), learned of Plaintiff's relationship with Thornton.   Nothing was said or done at that time about the relationship.

19.   Based upon information and belief, another coworker threatened to go over Crystal Williams and Pat's head to upper management of human resources about the relationship.

20.   On November 9, 2023, while Plaintiff was on the shop floor, she was taken to the football field near the plant.

21.   While at the field, Thornton told Plaintiff that she was fired.  He said that Pat had threatened to go to human resources at the main Alabama plant and demand that they fire either him (Thornton) or Plaintiff because of their relationship.

22. Thornton asked Plaintiff to sign a Letter of Resignation, but Plaintiff refused to sign.

23. Plaintiff returned to the building, gathered her things and left.

24. On information and belief, Thornton is still employed with the Defendant.

25. After her termination, Plaintiff called Defendant's human resources hotline and left a voicemail that was never returned.

26. Plaintiff believes she was terminated because of her relationship with a male employee.

27. Plaintiff believes that the male employee (Thornton), who had a history similar to Plaintiff's, and who also ignored a directive from his supervisor, was not disciplined or terminated like the Plaintiff.

28. Plaintiff is a female who believes she was discriminated against based on sex in violation of Title VII.  Plaintiff has been subjected to disparate treatment as she was fired for a sexual relationship with a co-worker, while the male co-worker was not disciplined or fired.

29. Defendant discriminated against the Plaintiff on the basis of her sex and or gender with respect to discipline, was terminated and denied other terms and conditions of her employment due to her sex in violation of Title VII.

30. Defendant does not have a non-discriminatory reason for their conduct.

31. Because of such conduct, Plaintiff has suffered emotional distress,

embarrassment, humiliation and loss of income and other benefits.

32. Defendant's actions were willful, with malice and with reckless disregard for her civil rights.

33. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, equitable relief, backpay (plus interest), an injunction, and compensatory damages are her only means of securing adequate relief.

34. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant Plaintiff a declaratory judgment holding that actions of Defendant described herein above violated and continue to violate the rights of the Plaintiff as secured by 42 USC §2000(e), et. seq.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those action in concert with Defendant and on Defendant's behalf from continuing to violate 42 USC §2000(e), et seq.

3.  Award Plaintiff damages including reinstatement, back pay plus interest, front pay, compensatory and punitive damages.

4.  Award Plaintiff reasonable costs, attorney's fees and expenses.

5.  Award such other relief and benefits as the cause of justice may require.

>Respectfully submitted,
>*/s/ Russell W. Adams.*
>Russell W. Adams (asb-376 0A62R)
>WIGGINS, CHILDS, PANTAZIS,
>FISHER & GOLDFARB, L.L.C.
>The Kress Building
>301 19th Street North
>Birmingham, Alabama 35203
>Telephone: (205) 314-0500
>radams@wigginschilds.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY .**

Plaintiff requests this Honorable Court to serve via certified mail upon the Defendant the following: Summons, Complaint.

**Defendant's Address:**

GKN Westland Aerospace, Inc.
c/o Corporation Service Company, Inc. (Registered Agent)
641 South Lawrence Street
Montgomery, AL 36104

>*s/Russell W. Adams*
>OF COUNSEL

7